FILED'10 AUG 16 07:57USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KIRTIS OLEN CAPPS,                              Civ. No. 09-6190-AA

                    Plaintiff,                  OPINION AND ORDER

        v.

COMMISSIONER of Social
Security Administration,

                    Defendant.
_____

John E. Haapala Jr.
59 E. 11th Ave, Suite 125
Eugene, OR  97401
     Attorney for plaintiff

Dwight Holton
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

Willy M. Le
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
     Attorneys for defendant


1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act (the Act). For the reasons set forth below, the Commissioner's decision is affirmed.

<u>BACKGROUND</u>

On April 5, 2006, plaintiff protectively filed his applications for DIB and SSI. Tr. 106-113. His applications were denied initially and upon reconsideration, and plaintiff timely requested an administrative hearing. Tr. 73-90. On April 15, 2008, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 21-68. On May 2, 2008, the ALJ issued a decision finding plaintiff able to perform his past relevant work and other work in the economy, thus finding plaintiff not disabled within the meaning of the Act. Tr. 8-20. The Appeals Council denied plaintiff's request for review, and the ALJ's ruling became the final decision of the Commissioner. Tr. 3-5. Plaintiff now seeks judicial review.

At the time of the ALJ's decision, plaintiff was thirty-eight years old with a high school education and past relevant work as a sawmill laborer. Tr. 19-20, 28, 56, 142, 148. Plaintiff alleges

disability since January 2005 due to bipolar disorder, obesity,
anxiety, a head injury and hypertension.  Tr. 42, 124, 141.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is
based on the proper legal standards and the findings are supported
by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d
498, 501 (9th Cir. 1989).  Substantial evidence is "more than a
mere scintilla.  It means such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion." Richardson
v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison
v. NLRB, 305 U.S. 197, 229 (1938)).  The court must weigh "both the
evidence that supports and detracts from the [Commissioner's]
conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir.
1986).  Where the evidence is susceptible to more than one rational
interpretation, the Commissioner's conclusion must be upheld.
Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to
establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th
Cir. 1986).  To meet this burden, a claimant must demonstrate an
"inability to engage in any substantial gainful activity by reason
of any medically determinable physical or mental impairment which
can be expected . . . to last for a continuous period of not less
than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

3 - OPINION AND ORDER

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 13; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff had medical determinable impairments of bipolar disorder, generalized anxiety disorder, and developmental personality disorder with antisocial traits, but that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 13-14; 20 C.F.R. §§ 404.1520(c)(d), 416.920(c),(d). Accordingly, the inquiry moved to step four.

At step four, the ALJ determined plaintiff's residual functional capacity (RFC) and found that plaintiff retained the RFC to perform simple work at all exertional levels, with occasional supervision, limited contact with co-workers, and no interaction with the general public. Tr. 16. Based on this assessment, the ALJ found that plaintiff retained the RFC to perform his past relevant work as a sawmill laborer. Tr. 18; 20 C.F.R. §§ 404.1520(f), 416.920(f).

Alternatively, at step five, the ALJ found that plaintiff was capable of performing other work that exists in the national

economy, including work as a small products assembler, a
sweeper/cleaner, and an institutional or commercial cleaner. Tr.
19-20; 20 C.F.R. §§ 404.1520(g), 416.920(g). Therefore, the ALJ
found plaintiff not disabled under the meaning of the Act. Tr. 20.

DISCUSSION

Plaintiff first argues that the ALJ failed to consider
limitations resulting from his obesity and the side effects of his
medication.   The ALJ found that plaintiff's obesity did not result
in work limitations and therefore did not consider plaintiff's
obesity to be a severe condition. Tr. 14. Plaintiff identifies no
evidence of record that reflect work limitations resulting from
plaintiff's obesity, and plaintiff testified that anxiety was the
main impediment to employment.   Tr. 42.   Although plaintiff
testified that some of his medications caused stomach upset, he
also testified that his stomach difficulties had improved and that
he had no other trouble with his medications.  Tr. 38, 39.   In
2008, plaintiff also reported no problems with side effects from
his medications. Tr. 260.  Therefore, I find no error given the
lack of medical or other supporting evidence.  Thomas v. Barnhart,
278 F.3d 947, 960 (9th Cir. 2002).  Further, the evidence was not
so ambiguous as to trigger the ALJ's duty to develop the record.
Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

Plaintiff also contends that the ALJ erred in discrediting his
subjective complaints and testimony regarding his limitations.  The

5 - OPINION AND ORDER

ALJ found plaintiff's complaints partially credible, because they were not supported in the medical record, plaintiff's condition improved with medication, and due to inconsistencies in the evidence concerning his work history.

When the record does not contain evidence of malingering and plaintiff's impairments could arguably cause the alleged symptoms, the ALJ must present clear and convincing reasons to reject a claimant's subjective testimony. Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008). I find that the ALJ provided clear and convincing reasons supported by evidence in the record.

The ALJ noted that the medical evidence did not support the degree of limitations reported by plaintiff, and that plaintiff's mental limitations noted by psychological evaluations were included in the ALJ's RFC assessment restricting plaintiff's contact with supervisors and the general public. Tr. 16-17, 232, 251. The ALJ also found that the evidence reflected improvement in plaintiff's condition when he took his medication as prescribed. Tr. 17, 229, 260.

Finally, the ALJ noted that a recent employer reported that from June to December 2004, plaintiff performed his work at normal standards and got along with his coworkers and supervisor. Tr. 189-90. I agree with the Commissioner that plaintiff's apparent ability to perform a recent job and cooperate with supervisors and leaving such employment for reasons unrelated to his alleged

6 - OPINION AND ORDER

disability is a sufficient basis to discount his testimony. <u>Bruton</u> <u>v. Massanari</u>, 268 F.3d 824, 828 (9th Cir. 2001). Accordingly, I find no error in the ALJ's credibility assessment.

Next, plaintiff argues that the ALJ improperly rejected the statements of a treating mental health nurse practitioner (MHNP). However, the MHNP did not impose, report or describe limitations on plaintiff's ability to work. Rather, the MHNP recounted plaintiff's subjective complaints and rendered diagnoses and a Global Assessment of Functioning ("GAF") score of 40, generally reflecting major impairment in several functional areas. Tr. 259-60. The ALJ rejected the GAF assessment, noting that it was subjective rather than based on objective medical evidence and considered plaintiff's socioeconomic condition. Tr. 15, 17. Further, the ALJ noted that the MHNP reported that plaintiff's condition improved with medication. Tr. 15, 260. I find that the ALJ provided germane and legally sufficient reasons to discount the GAF assessment of the MHNP, particularly when a MHNP is not considered an "acceptable medical source." 20 C.F.R. §§ 404.1513(a), 416.913(a).

Finally, plaintiff argues that the ALJ failed to include all of plaintiff's limitations in his RFC assessment and hypothetical presented to the vocational expert. Given that the ALJ did not commit legal error in his consideration of plaintiff's testimony and the medical evidence, I find no error.

CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this _11_ day of August, 2010.


_____
Ann Aiken
United States District Judge

8 - OPINION AND ORDER